# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 25, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| LUKAS BUNDONIS, | * | No. 18-995V |
| | * | |
| Petitioner, | * | Special Master Young |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Kathleen Margaret Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner
*Alec Saxe*, United States Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 22, 2024, Lukas Bundonis ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$153,258.12.** App. Int. Att'ys' Fees & Costs at 1, ECF No. 110-1. This amount consists of **$79,485.54** in fees and **$73,772.58** in expenses. App. Int. Att'ys' Fees & Costs, ECF No. 110-1 [hereinafter "Fees App."]. On April 5, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 112. In his response, Respondent stated that he would "defer[] to the [S]pecial [M]aster to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award . . ." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

## I. Procedural History

On July 11, 2018, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleged that he suffered autoimmune encephalitis as a result of receiving the Hepatitis A and Hepatitis B vaccinations on October 13, 2014. Pet. at ¶ 1. On July 12, 2018, Petitioner filed an affidavit and certificate of service. ECF Nos. 4–5. On August 9, 2018, Petitioner filed his first batch of medical records. ECF No. 10. Petitioner filed medical records and his statement of completion on August 27, 2018. ECF Nos. 11–12. Petitioner filed additional medical records on October 12, 2018, and July 9, 2019. ECF Nos. 13, 26. On August 8, 2019, Petitioner filed medical records and a statement of completion. ECF Nos. 30, 32. Petitioner filed additional medical records on September 13, 2019. ECF No. 35.

Respondent filed his Rule 4(c) report on November 26, 2019. ECF No. 39. Petitioner filed additional medical records on June 2, 2020. ECF No. 49. On August 3, 2020, Petitioner filed his expert report by M. Eric Gershwin, M.D., M.A.C.P., M.A.C.R., along with medical literature. ECF No. 52. Respondent filed a responsive expert report from Elizabeth M. LaRusso, M.D., on May 19, 2021. ECF No. 58. Respondent subsequently filed an expert report from J. William Lindsey, M.D., on May 21, 2021. ECF No. 59. Respondent filed medical literature on July 19, 2021. ECF Nos. 62-63.

Petitioner filed medical records on September 21, 2021. ECF No. 66. On September 27, 2021, Petitioner filed an expert report by Tracey Marks, M.D., along with medical literature. ECF No. 68. On December 6, 2021, Petitioner filed an expert report by Justin Aaron Willer, M.D. ECF No. 71. Petitioner continued to file medical records from March 2022 to May 2022. ECF Nos. 75, 79, 81, 84. On October 7, 2022, Petitioner filed medical literature. ECF No. 89. Petitioner filed additional medical records on November 4, 2022. ECF No. 91.

Respondent filed a supplemental expert report from Dr. LaRusso and Dr. Lindsey, along with medical literature, on November 7, 2022. ECF Nos. 93–94. On February 6, 2023, Petitioner filed a rebuttal expert report from Dr. Marks along with medical literature. ECF No. 96. Petitioner filed additional medical literature on March 28, 2023. ECF No. 99. Respondent filed a supplemental expert report by Dr. Lindsey on July 14, 2023. ECF No. 106. Petitioner filed medical literature on September 8, 2023. ECF No. 108.

Petitioner filed his first motion for interim attorney's fees and costs on March 22, 2024. ECF No. 110. Respondent filed his response on April 5, 2024. ECF No. 112. Petitioner filed additional medical records on April 11, 2024. ECF No. 113. A hearing order was entered on May 15, 2024, that set this matter for an entitlement hearing for November 10–11, 2025. ECF No. 117. This matter is now ripe for consideration.

## II. Availability of Interim Attorneys' Fees and Costs

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for over six years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted an attorney declaration from Kathleen M. Loucks, Ms. Loucks' resume, a statement of fees and costs, and a declaration regarding costs. *See generally* Pet'r's Exs. 1–4, ECF No. 110-1. Petitioner's counsel has requested a total of **$153,258.12.** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Fees App. at 1. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

## III. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

3

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel, Ms. Kathleen M. Loucks: $358 per hour for work performed in 2018, $360 per hour for work performed in 2019, $362 per hour for work performed in 2020, $365 per hour for work performed in 2021, $427 per hour for work performed in 2022, $450 per hour for work performed in 2023, and $475 per hour for work performed in 2024. Pet'r's Ex. 1 at 4.

Petitioner also requests the following rates for work of his counsel's paralegals: $135 per hour for work performed in 2017, $139 per hour for work performed in 2018, $135 per hour for work performed in 2019, $137 per hour for work performed in 2020, $139 per hour for work performed in 2021, $153 per hour for work performed in 2022, $161 per hour for work performed in 2023, $175 per hour for work performed in 2024.[4] *Id.*

The undersigned has reviewed the hourly rates requested by Petitioner for the work of his counsel throughout the duration of this case. The hourly rates requested for these individuals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case. *See, e.g. Delaney v. Sec'y of Health & Hum. Servs.*, No. 21-1620V, 2025 WL 900756, at *2 (Fed. Cl. Spec. Feb. 18,

---

[3] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] It is noted that certain paralegals performed work at rates lower than the amount requested. In 2018, three paralegals rendered services; however, two billed at a rate of $132 per hour, and one billed at $139 per hour. Pet'r's Ex. 1 at 4. In 2022, four different paralegals performed work on this case, with two billing at $140.00 per hour, one at $142.00 per hour, and one at $153.00 per hour. *Id.* The variances in billing rates have been reflected in the total amount requested by Petitioner.

4

2025); *Anderson v. Sec'y of Health & Hum. Servs.*, No. 18-484V, 2024 WL 4010530, at *2 (Fed. Cl. Spec. Mstr. Aug. 5, 2024); *Meyer v. Sec'y of Health & Hum. Servs.,* No. 18-484V, 2021 WL 3611797 (Fed. Cl. Spec. Mstr. July 21, 2021).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Petitioner requests a total of **$79,485.54** for attorney fees. Pet'r's Ex. 1 at 4.

In the Program, billing for administrative tasks is also not appropriate, no matter who performs them. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them). Clerical and administrative work explicitly includes organizing exhibits, preparing compact discs, and filing records. *Floyd v. Sec'y of Health & Hum. Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Hoskins v. Sec'y of Health & Hum. Servs.*, No. 15-071V, 2017 WL 3379270, at *3 (Fed. Cl. Spec. Mstr. July 12, 2017); *Kerridge v. Sec'y of Health & Hum. Servs.*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017).

Upon review, the undersigned finds that a small reduction is necessary. Counsel and her paralegals billed for administrative tasks, including the review of court orders and the filing of documents with the court, on several occasions. *See, e.g.,* Pet'r's Ex. 3 at 11, 30, 38, 53 (billing entry notes for reviewing court scheduling orders); *id.* at 9 (billing .20 hours for filing notice of intent to remain in the vaccine program); *id.* at 12, 28, 33 (billing entry notes for filing status reports with the court); *id.* at 16 (billing .90 for filing exhibits, exhibit list, statement of completion, and status report).

On several occasions, Attorney Kathleen M. Loucks billed for reviewing documents drafted by her paralegal prior to their filing with the court. *See, e.g.,* Pet'r's Ex. 3 at 5, 11, 43; *Drobbin v. Sec'y of Health & Hum. Servs.,* No. 14-225V, 2022 WL 1515024, at *4 (Fed. Cl. Spec. Mstr. Apr. 28, 2022) (noting that "counsel's supervision of the filing of records is akin to the clerical act of filing records."); *Van Vessem v. Sec'y of Health & Hum. Servs.,* No. 11-132V, 2018 WL 3989517, at *7 (Fed. Cl. Spec. Mstr. July 3, 2018) (finding that "it is not reasonable for both an attorney and a paralegal to bill for reviewing each filing in the case").

Further, Counsel engaged in excessive interoffice communication between her and her paralegals. Here, there are over 70 billing entries by Counsel and her paralegals documenting emails or conferences in which they discussed various aspects of the case with one another. *See e.g.* Pet'r's Ex. 1 at 2, 4–5, 22, 26, 33, 47; *see also Tarsell v. Sec'y of Health & Hum. Servs.*, No. 10-251V, 2018 WL 3989452, at *2 (Fed. Cl. Spec. Mstr. July 31, 2018) (explaining that "[i]ntra-office communication includes emails and meetings between associates, paralegals, and lead attorneys."); *Scott v. Sec'y of Health & Hum. Servs.,* No. 18-915V, 2024 WL 4503643, at *5 (Fed. Cl. Spec. Mstr. Aug. 22, 2024) (reducing fees due to excessive entries that billed for "staff to

5

discuss the case internally, interoffice meetings, providing case updates, and developing case strategies."). Taken as a whole, I find that the amount of interoffice communication is excessive. *See Tarsell*, 2018 WL 3989452, at *2 (explaining that "[b]illing for intra-office communication is unreasonable and excessive."); *Ovenden v. Sec'y of Health & Hum. Servs.*, No. 19-117V, 2023 WL 3778892, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023) (noting that "special masters have historically reduced attorneys' fees due to excessive interoffice communication between attorneys and paralegals.").

Accordingly, I find that a ten percent reduction of attorneys' fees is necessary to offset this issue. For these reasons, I will decrease Petitioner's requested attorneys' fees by **$7,948.55**. Petitioner is therefore awarded final attorneys' fees of **$71,536.99**

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner has requested **$73,772.58** in total for costs. Pet'r's Ex. 3 at 59. Within this request is $69,198.00 for expert fees. Mot. Att'ys' Fees & Costs at 5.

Petitioner requests $1,200.00 for Dr. Kelkar's initial review of this case. *Id.* at 3. Petitioner did not provide an expert report from Dr. Kelkar because he declined to provide one. *Id.* Petitioner submitted an invoice, which showed that Dr. Kelkar performed three hours of work at a rate of $400.00 per hour, amounting to a total of $1,200.00. Pet'r's Ex. 3 at 111. Dr. Kelkar has previously been awarded $400.00 per hour for his vaccine program work. *See e.g. Choiniere v. Sec'y of Health & Hum. Servs.,* No. 16-1286V, 2019 WL 518519, at *3 (Fed Cl. Spec. Mstr. Jan. 11, 2019) (finding rate of "[$400]/hour for Dr. Kelkar to be reasonable."); *Meyer*, 2021 WL 3611797, at *3. I find this rate to be reasonable.

Petitioner also seeks reimbursement for expert costs incurred in connection with the submission of expert reports in this case. Specifically, Petitioner requests $22,625.00 for Dr. Gershwin's expert fees, at a rate of $500.00 per hour. Mot. Att'ys' Fees & Costs at 3. Dr. Gershwin's rate of $500 per hour has been found reasonable and previously awarded in the Vaccine Program. *See e.g., Zambelli v. Sec'y of Health & Hum. Servs.,* No. 19-551V, 2024 WL 1406314, at *6 (Fed. Cl. Spec. Mstr. Mar. 6, 2024); *Gravens v. Sec'y of Health & Hum. Servs.,* No. 20-416V, 2023 WL 5666167, at *7 (Fed. Cl. Spec. Mstr. July 31, 2023); *Le v. Sec'y of Health & Hum. Servs.,* No. 16-1078V, 2023 WL 2054467, at *4 (Fed. Cl. Spec. Mstr. Feb. 17, 2023); *Massey v. Sec'y of Health & Hum. Servs.,* No. 18-541V, 2020 WL 1685567, at *2 (Fed. Cl. Spec. Mstr. Mar. 12, 2020).

Petitioner requests $26,810.50 in costs related to Dr. Willer's expert fees. Mot. Att'ys' Fees & Costs at 4. Dr. Willer charged $550.00 per hour for his work in this case. *Id.* I have reviewed Dr. Willer's expert reports in this matter and find that his rate of $550.00 is reasonable and consistent with prior awards for work he performed. *See e.g. Grujic v. Sec'y of Health & Hum. Servs.,* No. 20-820V, 2024 WL 4263422, at *4 (Fed. Cl. Spec. Mstr. Mar. 21, 2024); *Mandril v. Sec'y of Health & Hum. Servs.,* No. 22-305V, 2024 WL 506280, at *3 (Fed. Cl. Spec. Mstr. Jan. 9, 2024); *Pahos v. Sec'y of Health & Hum. Servs.,* No. 17-1455V, 2023 WL 6620336, at *5 (Fed. Cl. Spec. Mstr. May 5, 2023) (increasing Dr. Willer's rate to $550.00).

Finally, Petitioner requests $18,562.50 in costs related to Dr. Mark's psychiatric expert reports. Mot. Att'ys' Fees & Costs at 5. Here, Dr. Marks charged an initial retainer of $1,800.00 prior to commencing work. Pet'r's Ex. 3 at 121. She charged $450 per hour in 2021 for record review, forensic consultation, forensic interview, and report preparation that equaled 26.25 hours and amounted to $11,812.50, but the balance was reduced to $10,012.50 once the retainer fee was applied. *Id.* at 123. She then charged $450 for record review and report preparation in 2023, which amounted to 15 hours and totaled $6,750.00. *Id.* at 138. In total, Dr. Marks performed 41.25 hours of work billed at $450 per hour.

Unlike the reports from Drs. Gershwin and Willer, Petitioner's "use of a psychiatrist as an expert in the Vaccine Program is quite rare, with little evidence as to what a reasonable rate might be." *Langley v. Sec'y of Health & Hum. Servs.,* No. 17-837V, 2023 WL 7221461, at *3 (Fed. Cl. Spec. Mstr. Sept. 7, 2023). In support of the requested hourly rate, Petitioner asserts that Dr. Marks has been "evaluat[ing] and treati[ng] hundreds of individuals with mood and psychotic disorders" since 2001. Mot. Att'ys' Fees & Costs at 4. Petitioner further avers that Dr. Marks is "board-certified in general psychiatry, with added qualifications in forensic psychiatry[,]" and has testified as a forensic expert in medical-legal matters on seventeen occasions in the past five years. *Id.* at 4–5. Petitioner further stated that her opinion is "critical in refuting Respondent's alternate cause argument and directly refuting the allegations made by Respondent's expert psychiatrist, Dr. Larusso." *Id.* at 4.

As noted by Petitioner, Dr. Marks' hourly rate has previously been set at $350 for work performed in 2021. *See Langley,* 2023 WL 7221461, at *3. However, in that case, the petitioner did not offer evidence "to suggest that Dr. Marks' requested hourly rates [were] reasonable for a psychiatrist or for the work performed[.]" *Id.* Although I believe that Petitioner has offered some evidence to suggest that her rates are reasonable for a psychiatrist in this case, I find that a slight adjustment is warranted.

Accordingly, I will award a rate of $425 per hour, which has been previously awarded for Dr. Marks' work in the Vaccine Program. *Cowart v. Sec'y of Health & Hum. Servs.,* No. 16-513V, 2022 WL 4954728, at *7 (Fed. Cl. Spec. Mstr. Sept. 8, 2022) (awarding Dr. Marks $425 per hour for 6 hours of work reviewing records for forensic consultations); *Moody v. Sec'y of Health & Hum. Servs.,* No. 16-513V, 2018 WL 7286513, at *5 (Fed. Cl. Spec. Mstr. Dec. 10, 2018). Therefore, a reasonable award for Dr. Marks' work is $17,531.25.

The additional incurred costs are from postage, photocopying, and medical record charges. *See* Pet'r's Ex. 3. Therefore, I find that the requested costs are reasonable and should be awarded in full.

**IV.    Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I award Petitioner **$105,454.46** in interim attorneys' fees, plus **$18,887.90** in interim costs as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $79,485.54 |
| (Reduction) | -$7,948.55 |
| **Interim Attorneys' Fees Awarded** | **$71,536.99** |
| | |
| Interim Costs Requested | $73,772.58 |
| (Reduction) | -$1,031.25 |
| **Interim Costs Awarded** | **$72,741.33** |
| **Total Amount Awarded** | **$144,278.32** |

Accordingly, I will award the total of **$144,278.32** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Kathleen M. Loucks, of Lommen Abdo Law Firm, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[5]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young<br>
Herbrina D.S. Young<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.